# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.

KENNETH J. HAWKINS

Case Number: 3:23-mj-68-HTC

## ORDER OF DETENTION

On March 16, 2023, Defendant was charged in a four count information with (1) Operating a Motor Vehicle with a Breath-Alcohol Level of .08 or More, in violation of 36 C.F.R. §§ 4.23(a)(1) and (a)(2); (2) Speeding, in violation of 36 C.F.R. § 4.21(c); (3) Open Container, in violation of 36 C.F.R. § 4.14(b); and (4) Taillight Violation, in violation of 36 C.F.R. § 4.2 and § 316.221, Fla. Stat. The incident giving rise to the charges occurred on December 3, 2022. Defendant entered a guilty plea on the DUI charge and the government dismissed the other charges. On September 13, 2023, the Court sentenced Defendant to one year probation, with a special condition that Defendant does not use or possess alcohol at all.

Less than one month into his probation, Defendant violated the terms and conditions of the probation by eventually admitting to US Probation Officer Smith that he had consumed alcohol on October 6, 7, and 8th. Defendant also admitted to having driven his car after consuming alcohol on the 7th.

On October 12, 2023, the US Probation office petitioned the Court for a warrant, and a warrant was issued. Defendant self-surrendered and appeared for his initial appearance on October 16, 2023. The government moved for detention. The Court held a detention hearing on Thursday, October 19, 2023.

When the government moves for detention pending a final revocation hearing, Federal Rule of Criminal Procedure 32.1(a)(6) applies. That Rule incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if

released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

After considering the evidence proffered by the Defendant, and the evidence proffered by the government, the Court finds the Defendant has failed to establish by clear and convincing evidence that Defendant will not be a danger to the community if released.

The government called US Probation Officer C. Smith to testify at the hearing. Officer Smith is currently supervising Defendant while on probation. According to Officer Smith, he made contact with Defendant at his residence for a prearranged home inspection on Monday, October 9, 2023, at 8:00 AM. Officer Smith noticed an odor of alcohol on Defendant. Officer Smith asked Defendant if he had been drinking and Defendant advised he had one beer with his meal on Friday, and initially denied other consumption. After additional prodding by Officer Smith, Defendant admitted to taking a few shots of liquor at a bar on Saturday but denied other use. Defendant also admitted to driving home from the bar after consuming the liquor. With more prodding, Defendant eventually admitted to drinking half a pint of vodka on Sunday, while at home, stopping around 1:00 AM (Monday morning).

Defendant proffered he is working at Comfort USA Systems, an industrial air conditioning company. Defendant proffered that he believes the job will still be available after his release. Additionally, Defendant proffered he could continue to reside with his mom and stepfather if he is released.

The underlying offense for which Defendant was placed on probation involved a breath alcohol level of .265. Defendant was also driving at a rate of speed almost twice the legal limit. Additionally, at the time of the incident law enforcement found eight empty bottles of vodka in the vehicle, as well as one partially full bottle. Despite these egregious circumstances, the Court gave Defendant a year of probation for two reasons. First, Defendant, on his own, and before pleading guilty, participated in an intensive inpatient treatment program – the Road to Recovery, *and* successfully completed it. Second, this was Defendant's first DUI and Defendant had a minimal criminal history, involving one theft conviction from 2017.

It cannot be understated that drunk drivers are a danger to the community. While the Court understands that relapse is part of the process toward recovery, the

Court also cannot release Defendant without reasonable assurances he will not once again drink in excess, and once again get in a vehicle. Because some of his drinking was done at home, the Court does not find releasing him back to the same home will attribute to his sobriety without other precautions being put in place. Also, the fact that Defendant began drinking less than a month after he was sentenced and less than two months after completing the Road to Recovery is also extremely concerning for the Court.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke probation. Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Entered on October 19, 2023

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE